# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRANDON J. KING #412485, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:20-cv-00379 |
| ) | |
| ANTONIO CHAMBERS, et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OPINION AND ORDER

Brandon J. King, a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The matter is before the Court for a ruling on Plaintiff's application to proceed in forma pauperis ("IFP). (Doc. No. 2.) The complaint is also before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.   APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the Court **GRANTS** his motion (Doc. No. 2) to proceed IFP in this matter.

Plaintiff is still responsible for paying the full filing fee, however, as required by Section 1915(b). The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the

remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Davidson County Sheriff to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

## II. INITIAL REVIEW

Title 28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

A cursory review of the complaint establishes that it fails to comply with the Federal Rules of Civil Procedure. Plaintiff sues Corporal Chambers for failing to deliver his breakfast tray. (Doc. No. 1 at 4–5.) He sues the Davidson County Sheriff's Office for inhumane conditions including being sprayed with mace and being required to spend days at a time barefooted. (Id. at 5.) He sues

3

a law firm for fraudulent use of his name. (Id.)  He purports to sue an unnamed individual and other entities not named as defendants for matters ranging from assault to discrimination and false prosecution. (Id.)  And he presents all these allegations in a single paragraph with insufficient detail to advise the Court or Defendants of precisely why they are being sued. (Id.)

The complaint thus fails to comply with Rule 10(a), which requires a caption naming all parties, or with Rule 10(b), which provides that:

> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]

Fed. R. Civ. P. 10(b).

Moreover, the complaint runs afoul of the rules governing the joinder of claims and parties in a single lawsuit.  The Federal Rules of Civil Procedure permit the joinder of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2).  But they do not permit the conglomeration of unrelated claims against unrelated defendants in a single lawsuit. See Proctor v. Applegate, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) ("[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose. . . . And, Rule 20 does not authorize a plaintiff to 'incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues.'" (quoting Trail Realty Inc. v. Beckett, 462 F.2d 396, 399–400 (10th Cir. 1972))).  In addition to making a lawsuit unwieldy, allowing such an approach to litigation by prisoners would undermine the deterrence intended by the PLRA by allowing prisoner-plaintiffs to minimize their exposure to filing fees and "strikes" imposed pursuant to 28 U.S.C. § 1915(g). See Jackson v.

4

Swab, No. 1:17-CV-965, 2018 WL 521457, at *2 (W.D. Mich. Jan. 23, 2018) (holding that "prisoners should not be allowed to proceed with multiple-plaintiff litigation in order to circumvent the filing fee requirements for federal civil actions or the Prison Litigation Reform Act's (PLRA's) "three strikes" provision").

Accordingly, Plaintiff **MUST**, within **28 days** of entry of this Order, file an amended complaint that does not join unrelated claims against unrelated parties. In other words, Plaintiff can assert any claims he has against a single defendant, or he can assert all the claims he has against multiple defendants that arise from the same incident or series of related incidents. If Plaintiff wishes to pursue other claims or defendants outside that limited scope of his amended complaint, he is free to do so by filing separate lawsuits. In effect, if Plaintiff wants to litigate all the claims raised in the current complaint, he must file multiple separate lawsuits to do so.

The Clerk of Court is **DIRECTED** to provide Plaintiff with a blank Section 1983 complaint form for Plaintiff's use in drafting his amended complaint. Plaintiff **MUST** include the matter number for this case (3:20-379) on his amended complaint. Plaintiff is warned that his failure to comply with this Order within the time provided, or to file a timely motion for extension of time to do so, may result in dismissal of this case for failure to prosecute and failure to comply with the Court's Order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE