UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON J. KING #412485, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:20-cv-00379 |
| ANTONIO CHAMBERS, et al., | ) |
| Defendants | ) |

## MEMORANDUM OPINION AND ORDER

Brandon J. King, a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The Court granted Plaintiff's application to proceed in forma pauperis but found that his complaint did not comply with the Federal Rules of Civil Procedure and ordered him to file an amended complaint. (Doc. No. 4.) Because Plaintiff failed to include the matter number for this case on his amended complaint, the Court initially believed it to constitute a new lawsuit and docketed it in a new case rather than in this one. See Order, King v. Chambers, 3:20-cv-00446 (M.D. Tenn. May 28, 2020) (Trauger, J.). That mistake has now been corrected, id., and Plaintiff's amended complaint is before the Court for review.

### I. STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most

favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012).  Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

## II.    FACTS AND ANALYSIS

Plaintiff now sues only Corporal Antonio Chambers, in his individual capacity. (Doc. No. 2 at 14.)  He alleges that at some point on March 15 or 16, 2020, Defendant Chambers or someone acting on Chambers's orders sprayed him with mace through his pie flap, causing him to experience breathing complications for weeks and burning sensations for days. (Doc. No. 5 at 5.) Plaintiff does not offer any reason for Defendant's spraying him, so construing the amended complaint liberally in Plaintiff's favor, the Court presumes for the purpose of this analysis that there was no legitimate reason for Defendant's actions.  Plaintiff also alleges that on one or both of those days Defendant Chambers failed to deliver his breakfast tray and that he has laughed at, insulted, and assaulted Plaintiff. Id.  He says the nurse did not "decontaminate" him after being

2

sprayed and that he received no medical treatment for the effects of the spray for almost a month, but he does not identify or list any medical personnel as defendants. Id. Similarly, he includes "DCSO Lieutenants, Sargeants [sic] & DCSO Adminastratives [sic]" in his demand for relief, but he does not identify or list them as defendants or allege any specific actions by anyone other than Chambers. Id. Plaintiff seeks $2.2 Million in damages for cruel and unusual punishment and violation of his constitutional rights. Id.

A pretrial detainee's protection from excessive force comes from the Fourteenth Amendment, rather than the Eighth Amendment. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). To prevail on an excessive force claim under the Fourteenth Amendment's Due Process Clause, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Id. The Supreme Court has expressly rejected application in the pretrial detention context of "a subjective standard that takes into account a defendant's state of mind." Id. The Court has also identified a non-exclusive list of factors that might be relevant to the objective reasonableness of the force used: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id. While further factual development may vindicate Defendant's use of chemical spray against Plaintiff, Plaintiff's allegations to the effect that he was sprayed for no purpose are sufficient to state an excessive force claim against Defendant Chambers in his individual capacity under this standard for the purpose of initial review.

As a pre-trial detainee rather than a convicted prisoner, Plaintiff has a Fourteenth Amendment right not to "be punished prior to an adjudication of guilt in accordance with due

3

Case 3:20-cv-00379   Document 7   Filed 06/03/20   Page 3 of 6 PageID #: 53

process of law." Bell v. Wolfish, 441 U.S. 520, 535 (1979); cf. Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that convicted inmates' due process rights are limited to the right to be free from conditions that either "exceed[ ] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force," or "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). The Supreme Court explained in Bell that "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment. Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." Bell, 441 U.S. at 539 (internal citations omitted). Whether Plaintiff ultimately prevails on his claims that Defendant Chambers harassed him and deprived him of food will depend on whether those conditions were imposed punitively or were "an incident of some other legitimate governmental purpose," Bell, 441 U.S. at 538, which requires development beyond the complaint. See Norton v. Colyer, 828 F.2d 384, 385 (6th Cir. 1987) (reviewing pre-trial detainee's case in which claims including deprivation of a morning meal proceeded to trial). For purposes of initial screening, the Court makes all inferences in Plaintiff's favor and presumes that Defendant Chambers's behavior was intended to punish Plaintiff. Accordingly, Plaintiff alleges the minimum required for these claims of harassment and food deprivation to survive initial review.

With regard to Plaintiff's references to the lack of medical care he received after the mace incident, however, he fails to state a claim for which relief can be granted. Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates a pretrial detainee's rights under the Fourteenth Amendment. Ruiz v. Martin, 72 F.

App'x 271, 275 (6th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Miller v. Calhoun Cty., 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."). But Plaintiff does not connect his sole defendant—Chambers—to his lack of medical care, and he does not identify anyone who knew he needed medical treatment and disregarded that need. To the extent Plaintiff intended to assert a claim for deliberate indifference to his medical needs, therefore, that claim is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### III. FURTHER ACTION

The Clerk is **INSTRUCTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Chambers. Claims against all other Defendants are deemed withdrawn by the amended complaint, and they are hereby **DISMISSED** without prejudice. Plaintiff **MUST** complete the service packet and return it to the Clerk's office within **21 days** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude the Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE